# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH RICHARD HOLBROOK,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.: 1:16-cv-01755 - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(Doc. 19)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF KENNETH RICHARD HOLBROOK |

Kenneth Holbrook asserts he is entitled to benefits under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge erred in evaluating his ability to work, and seeks judicial review of the decision to deny his applications for benefits. Because the ALJ did not err in finding Plaintiff is able to perform his past relevant work, the decision is **AFFIRMED** and Defendant's motion for summary judgment is **GRANTED**.

**I.      Procedural History**

On April 30, 2013, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. (AR at 10) In each application, Plaintiff alleged disability

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant in this suit.

1

beginning in July 1, 2011. (*Id.*) The Social Security Administration denied her applications at the initial level and upon reconsideration. (*See id.*) After requesting a hearing, Plaintiff testified before an ALJ on June 10, 2015. (*Id.*) The ALJ determined Plaintiff was not disabled and issued an order denying benefits on July 28, 2015. (*Id.* at 10-20) When the Appeals Council denied Plaintiff's request for review on September 14, 2016 (*id.* at 1-3), the ALJ's findings became the final decision of the Commissioner of Social Security ("Commissioner").

**II.   Standard of Review**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

**III.   Disability Benefits**

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## IV. Administrative Determination

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity ("RFC") to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

### A. Administrative Hearing Testimony

Plaintiff testified that in 2009, he worked at Northgate Shell as "a manager… and a tow truck driver." (AR at 38) When asked to describe his duties, Plaintiff stated: "I'd drive a tow truck or -- people -- help them on the freeway… and get off the freeway, bring them to the shop. And then have my mechanic repair their car under my vision [sic]." (*Id.*) He reported he was unable to "lift more than maybe five pounds," including items such as "a two pound alternator [and] half a pound water pump." (*Id.* at 38-39) In addition, Plaintiff said he "always had someone to help [him] do the lifting on the heavy stuff." (*Id.* at 61)

Plaintiff said he also worked at a different shop where the "only thing [he] did…was deal with the customers and drive the tow truck." (AR at 39) He reported that in his role as a manager there, he hired and fired employees and was not responsible to anyone else for the management of the organization. (*Id.* at 58)

Using the *Dictionary of Occupational Titles*[2], Vocational expert Thomas Dechelet ("the VE")

---

[2] The *Dictionary of Occupational Titles* ("*DOT*") by the United States Dept. of Labor, Employment & Training Admin., may be relied upon "in evaluating whether the claimant is able to perform work in the national economy." *Terry v.*

3

classified Plaintiff's past work within the past fifteen years as the following: janitor, DOT 382.664-010; auto technician or auto mechanic, DOT 621.637-010; manager/ supervisor, DOT 620.131-014; bike repairer, DOT 639.681-010; and tow car driver, DOT 919.663-026. (AR at 59-63)

The VE reported the *Dictionary of Occupational Titles* defined the tow car driver position and auto technician positions as requiring medium exertion, as would the position of shop mechanic. (AR at 61, 63) According to the VE, if Plaintiff was not "capable of doing medium [mechanic work] -- it's not being done." (*Id.* at 61) However, the VE said, taking Plaintiff's testimony "at face value," then Plaintiff performed the work at the light exertional level. (*Id.* at 61-62) The VE testified the position of manager/supervisor required light work. (*Id.* at 62) Further, the VE stated Plaintiff obtained transferable skills in his position as a supervisor, due to his "hiring, firing, all written communication, doing the estimates, billing and advertising." (*Id.* at 63)

Next, the ALJ asked the VE to consider a hypothetical individual with "the same vocational profile" as Plaintiff. (AR at 64-65) In addition, the ALJ stated:

> Within an eight hour work day, this person can lift and carry up to 20 pounds occasionally, up to ten pounds frequently. Stand and walk about six hours. This person can sit about six hours[;] frequently climb, balance, stoop, kneel, crouch and crawl. This person must avoid concentrated exposure to workplace hazards such as unprotected heights, fast moving unprotected machinery, traversing uneven or slippery terrain. This person can engage in frequent handling, fingering and feeling with the left upper extremity.

(*Id.* at 65) The VE noted that Plaintiff's past work included the supervisor and mechanic as "a combination," and under the DOT the supervisor portion could be performed because it was light work, while the mechanic portion was medium work and would be precluded for someone with the identified limitations. (*Id.*)

**B.     The ALJ's Findings**

Pursuant to the five-step process, the ALJ determined Plaintiff did not engage in substantial gainful activity after the alleged onset date of July 1, 2011. (AR at 13) At step two, the ALJ found Plaintiff's severe impairments included: "moderate left carpal tunnel syndrome, osteoarthritis involving degenerative joint disease of the right shoulder and bilateral knees, and headaches." (*Id.*) At step three,

---

*Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The *DOT* classifies jobs by their exertional and skill requirements, and may be a primary source of information for the ALJ or Commissioner. 20 C.F.R. § 404.1566(d)(1).

4

the ALJ determined Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled a Listing. (*Id.* at 14) Next, the ALJ determined:

> [T]he claimant has the residual functional capacity to perform a range of work at the light exertional level as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, he can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently, stand and walk about 6 hours, and sit about 6 hours in an 8-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. In addition, he needs to avoid concentrated exposure to workplace hazards such as unprotected heights, fast moving unprotected machinery, and traversing on uneven or slippery terrain. The claimant is further limited to frequently reaching overhead, handling, fingering, and feeling with bilateral upper extremities.

(*Id.* at 15-16) Based upon this RFC, the ALJ concluded Plaintiff was "capable of performing past relevant work as a manager/supervisor." (*Id.* at 17) In the alternative, the ALJ opined Plaintiff could perform other work existing in the national economy. (*Id.* at 18) Therefore, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 19-20)

## V. Discussion and Analysis

Appealing the decision to deny his application for benefits, Plaintiff asserts the ALJ erred at step four "by classifying [his] past relevant work according to its least demanding function." (Doc. 16 at 6, emphasis omitted) Plaintiff notes the VE identified his "past work as a 'combination' occupation, or manager supervisor 'part and parcel' with a [tow] truck driver … and found that he could only return to the manager/supervisor portion of that occupation per the DOT." (Doc. 16 at 9, citations omitted) On the other hand, the Commissioner argues, "The ALJ appropriately found that Plaintiff could perform his past relevant work as generally performed." (Doc. 19 at 5)

### A. Waiver

As an initial matter, Plaintiff asserts there is no evidence that Plaintiff "performed the manager/supervisor part of his job at the level described by the DOT," contrary to the testimony of the vocational expert. (Doc. 16 at 11-12) Plaintiff observes that "[t]he vocational expert testified that as generally performed manager/supervisor DOT No. 620.131-014, is SVP 7 [and] SVP 7 requires two to four years of training." (*Id.* at 12, citing DOT, Appendix C) Therefore, Plaintiff contends "it cannot be said the [plaintiff] performed the manager position long enough to acquire the skills that would allow him to transfer into an SVP 7 occupations." (*Id.*)

In response, Defendant contends that "Plaintiff waived any challenge to the ALJ's reliance on

the VE's testimony that Plaintiff could perform his past relevant work as a supervisor as generally performed." (Doc. 19 at 5) Defendant notes the Ninth Circuit "recently confirmed that the principle of administrative waiver as articulated in *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), applies to Social Security hearings and, specifically, that a claimant whose counsel fails to challenge a vocational expert's testimony during administrative proceedings waives such a challenge on appeal." (*Id.*, citing *Shaibi v. Berryhill*, 870 F.3d 874, 881 (9th Cir. 2017))

As Defendant observes, Plaintiff was represented at the administrative hearing by counsel, "who cross-examined the VE, and yet chose not to ask any questions related Plaintiff's past work, nor did he suggest that the VE's finding that Plaintiff could perform the job of supervisor as generally performed was inaccurate." (Doc. 19 at 5) Counsel did not question the VE regarding the specific vocational preparation ("SVP") level or the transferrable skills identified by the VE.

In *Meanel*, the Ninth Circuit held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Shaibi*, 870 F.3d at 881 (quoting *Meanel*, 172 F.3d at 1115). The Court found that where the claimant did not raise the issue at the administrative hearing and "provided no explanation at all for his failure to challenge the VE's [testimony] … during administrative proceedings," the issue was waived on appeal. *Id.* Likewise, here, Plaintiff's counsel did not question the VE regarding his testimony that Plaintiff could perform the requirements of a manager/supervisor as it was generally performed, or question the transferable skills identified by the ALJ. Accordingly, the Court finds that any challenge to this portion of the VE's testimony is waived.

### B. Step Four of the Sequential Evaluation

A claimant has the burden at step four of the sequential analysis to prove that he cannot perform his past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Past relevant work is work performed in the last 15 years that lasted long enough to learn it, and was substantial gainful

employment. SSR 82-61, 1982 SSR LEXIS 31.[3] The ALJ is not required to make "explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The Ninth Circuit explained, "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.* at 844.

To determine whether a claimant retains the capacity for past relevant work, the Social Security Administration identified three tests:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packing job," etc.
>
> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3. Whether the claimant retains the capacity to perform the functional demands the job duties of the job as ordinarily required by employers throughout the national economy.

SSR 82-61, 1982 SSR LEXIS 31, at *2-3. To determine how a claimant *actually* performed his work, an ALJ may consider: "(1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002), citing *Pinto*, 249 F.3d at 845, *accord.* SSR 82-61, SSR 82-41; *see also* SSR 82-62, 1982 SSR LEXIS 27, at * 6-7 ("statements by the claimant regarding part work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work"). Usually, "the best source for how a job is *generally performed*" in determining the requirements of a claimant's past relevant work is the *Dictionary of Occupational Titles*, and vocational expert testimony may be considered at step four of the analysis. *Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001) (emphasis added).

1. Plaintiff's past relevant work

The ALJ noted Plaintiff's past relevant work included a "manager/supervisor" position, and the vocational expert opined an individual with the same background and limitations as Plaintiff could perform the work "as it is generally performed in the national economy." (Doc. 10-3 at 19)

Plaintiff contends the vocational expert found Plaintiff's past work was a combination of

---

[3] Although Social Security Rulings issued by the Commissioner to clarify regulations and policies do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

manager/supervisor and mechanic, noting the expert testified: "he was in that position as well as a mechanic. It's a combination." (Doc. 16 at 8, quoting AR at 65) Plaintiff contends that when an occupation requires a combination of duties, then past relevant work "does not exist as generally performed." (*Id.* at 9, emphasis omitted) Plaintiff observes:

> When a claimant's past relevant work is a composite of two or more separate occupations, a claimant does not have past relevant work as generally performed. *See* SSR 82-61; *see also* POMS DI § 25005.020(B) ("When comparing the claimant's RFC to a composite job as it was performed, find the claimant capable of performing the composite job only if he or she can perform all parts of the job. A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy'")

(Doc. 16 at 9, emphasis and footnotes omitted)

Plaintiff observes, "The Ninth Circuit has consistently held that the Commissioner must not classify a claimant's past relevant work according to the least demanding function of that past work." (Doc. 16 at 10, citing *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016); *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1166 (9th Cir. 2008); and *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985)) Plaintiff contends this case is similar to the facts presented to the Ninth Circuit in *Valencia*, where the claimant worked "for two years as an agricultural laborer." *Id.*, 751 F.2d at 1086. As a farm worker, Valencia was required to do tomato sorting as "one of the many tasks." *Id.* The ALJ classified the agricultural labor position as "medium" work. *Id.* When the Appeals Council considered Valencia's request for review, it noted some of Valencia's past relevant work "could be classified as 'light,'" but did not identify what past relevant work could be classified as "light." *Id.* Assuming the tomato sorting was the "light" work Appeals Council identified, the Ninth Circuit rejected the contention that "because Valencia remains capable of sorting tomatoes, she can still perform her 'past relevant work.'" *Id.* at 1087. The Court explained: "Where an individual cannot perform any of his previous jobs, but only one or more tasks associated with those jobs, the first of the two inquiries required by the statute must be resolved in the claimant's favor." *Id.* Therefore, Plaintiff argues the ALJ "cannot find Mr. Holbrook not disabled based on the ability to perform a portion of his past work, i.e., manager/ supervisor, as generally performed." (Doc. 16 at 11)

In response, Defendant contends the ALJ's step four determination is proper, because the Ninth Circuit recently held in *Stacy* that "in situations where a claimant's job involves more than one task or

8

function, an ALJ appropriately classifies a claimant's past work according to its 'least demanding function' when that function 'is a task that the claimant actually performed most of the time' and 'the DOT defines the claimant's past job as requiring only that least demanding function.'" (Doc. 19 at 6, quoting *Stacy*, 825 F.3d at 570) Defendant observes that in *Stacy,* the Ninth Circuit "distinguished the very three cases upon which Plaintiff relies … noting that in all of these cases, the least demanding function was only incidental to the claimant's overall job, which was of a higher exertion." (*Id.*, citing *Stacy*, 825 F.3d at 570) According to Defendant, the facts now before the Court are similar to those considered in *Stacy*, and as a result, "the ALJ did not err in her step four finding that Plaintiff could perform his past relevant work." (Doc. 19 at 7)

In *Stacy*, the claimant asserted "the ALJ erred in classifying his former work based on the least demanding aspect of the job: supervising." *Id.*, 825 F.3d at 569. Stacy's employment history included a position of "stationary engineer supervisor," and the ALJ concluded "Stacy could perform his past work… as it is generally performed in the national economy." *Id.* Stacy "argue[d] that the ALJ erred in categorizing his past work according to its least demanding function, citing *Carmickle* and *Valencia*." The Ninth Circuit summarized its holdings in those cases as follows:

> In *Carmickle*, only 20 percent of the claimant's duties as a construction supervisor involved supervision; the remainder of his time was spent performing manual labor. *Id.* We held that the ALJ erred in categorizing the claimant's job as "a purely supervisory position." *Id.* Similarly, in *Valencia*, the ALJ erred in classifying the claimant's prior work as a "tomato sorter" involving only light exertion because the claimant was actually an "agricultural laborer" who mostly performed other, medium exertion tasks. *Valencia*, 751 F.2d at 1086. And, in *Vertigan v. Halter*, the ALJ erred by categorizing the claimant's past work as a "cashier" when she was actually a "pharmacy clerk" and cashier work was only "a small part of her job." 260 F.3d 1044, 1051 (9th Cir. 2001). In all three cases "the least demanding aspect" of the claimant's past job was something the claimant did less than half the time, and the ALJ erred in equating that one task with a full time job.

*Stacy*, 825 F.3d at 569-70. In contrast, in *Stacy*, the court found the evidence established that the claimant "mostly performed supervisory tasks in that job," and "engaged in supervisory duties 70-75 percent of the time." *Id.* at 570. The Court explained, "The fact that his employer also required him to occasionally do other, non-supervisory tasks does not change the fundamental nature of his work." *Id.* Therefore, the Court found the facts must be distinguished "from *Carmickle, Valencia,* and *Vertigan*, where the claimants performed less demanding tasks only occasionally" and concluded "the ALJ did

not categorize Stacy's past work according to its least demanding function but instead correctly applied the 'generally performed' test." *Id.*

The VE testified Plaintiff's work as a "tow car driver … was part in parcel of his management position." (AR at 62) Indeed, Plaintiff testified that while he would drive a tow truck and bring people to the shop, the repairs were done by a mechanic under Plaintiff's supervision. (*Id.* at 39) Further, Plaintiff stated that in his role as a supervisor/manager, he hired and fired employees and was not responsible to anyone else for the management of the organization. (*Id.* at 58) He reported that he was unable to "lift more than maybe five pounds" and was restricted to lifting items such as "a two pound alternator [and] half a pound water pump." (*Id.* at 38-39) The VE stated that, based upon Plaintiff's testimony, the position of manager/supervisor was "pure" and not a "working supervisor" position. (*Id.* at 64) He explained that if Plaintiff was "not capable of doing medium [mechanic work] -- it's not being done." (*Id.* at 61)

As in *Stacy*, there is no evidence that Plaintiff performed the duties of a tow car driver or mechanic more than he engaged in supervisor duties. Further, similar to *Stacy*, Plaintiff was not a working supervisor. (*See* AR at 64; *see also Stacy*, 825 F.3d at 570 [noting the claimant's "past job [was] purely supervisory"]) Moreover, there is no evidence that Plaintiff's duties required him to engage in "medium" work, given the testimony that Plaintiff did not lift more than about five pounds. Rather, Plaintiff's job duties did not exceed the "light" exertion demands of the manager/ supervisor position.

Because the evidence shows that Plaintiff completed the work of a supervisor and performed light work for the majority of the time, the ALJ did not err in finding Plaintiff could perform his past relevant work as a manager/supervisor, as it is generally performed. *See Stacy*, 825 F.3d at 572.

2. End of the inquiry

When an ALJ determines at step four that a claimant can perform his past relevant work, the inquiry ends. 20 C.F.R. §§ 404.1520(a); 416.920(a). Because the Court finds the ALJ's step four conclusion was proper, it does not address the arguments raised concerning the ALJ's alternate findings at step five. *See, e.g., Becerra v. Comm'r of Soc. Sec.*, 2016 U.S. Dist. LEXIS 180498 (E.D. Cal. Dec. 30, 2016) (upon finding the ALJ's step four conclusion should be affirmed, "the court

decline[d] to reach plaintiff's arguments with respect to the ALJ's alternative step five determination"); *McAnally v. Astrue*, 241 Fed.Appx. 515, 518 (10th Cir. 2007) (declining "to consider plaintiff's step-five arguments" where the court affirmed the "finding of nondisability at step four of the evaluation process").

## VI. Conclusion and Order

For the reasons set for above, the Court finds the ALJ applied the proper legal standards and did not err in finding Plaintiff was capable of performing his past relevant work as generally performed. *See Stacy*, 825 F.3d at 572. Accordingly, the Court **ORDERS**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**;
2. Defendant's motion for summary judgment is **GRANTED**; and
3. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Kenneth Holbrook.

IT IS SO ORDERED.

Dated: **February 27, 2018**                **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE